**THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: UNASSIGNED**

---

RH PETERSON CO.,

                Plaintiff,

        v.

THE UNITED STATES,

                Defendant.

Court No. 20-00099

---

### PLAINTIFF'S MOTION PURSUANT TO RULE 60 TO SET ASIDE JUDGMENT OF DISMISSAL ENTERED BY THE CLERK

Pursuant to Rule 60(b) of the Rules of the United States Court of International Trade, Plaintiff, RH Peterson Co., by and through undersigned counsel, hereby moves this Court to set aside the judgment of dismissal entered by the clerk. The Court issued its Notice of Dismissal on June 3, and Plaintiff is bringing this motion timely.

As explained below Plaintiff's counsel believed the deadline in this matter was to the end of June instead of the end of May. Moreover, in the last month, Plaintiff's counsel had to go to the hospital to receive emergency medical treatment. Plaintiff and Defendant's Counsel are in communication and a proposal to stipulate the case is pending with Defendant since November, 2020. Concurrently, Plaintiff is filing a motion for leave to file out of time and for an extension of time to remain on the Court's Customs Case Management Calendar for six months.

Plaintiff's counsel contacted Defendant's counsel several times in the last month to determine the status of its proposal and was informed that Customs is reviewing the

Court No. 20-00099

file and the documents. On May 20, by email, Plaintiff's counsel believed that the case would remain on the Customs Case Management Calendar until the end of June and requested an update on the stipulation proposal from Defendant's counsel. Again, on May 31, believing the case deadline to be the end of June, Plaintiff's counsel wrote to Defendant's counsel for its consent to remain on the Customs Case Management Calendar. In this email, Plaintiff's counsel stated that the case would remain on the CCMC until the end of June. Clearly, this was an error based on a mistake of fact. At the request of Defendant's counsel, Plaintiff was asked to provide a draft of its motion. On June 3, counsel received the court's notice of the dismissal and immediately sought to consult with Defendant's counsel Hardeep Josan and Justin Miller prior to bring this motion.

### Analysis

#### a. This Court Has Authority to Set Aside the Notice of Dismissal of This Action

Rule 60(b) of the Rules of the USCIT provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

This Court's power to grant such relief arises from its power in law and equity of a federal district court. *Rhone-Poulenc Inc. v. United States*, 880 F.2d 401, 405-406 (Fed. Cir. 1989), which dealt with setting aside a judgment of dismissal for cases on this

Court No. 20-00099

Court's Suspension Disposition Calendar. See also, <u>BioRad Laboratories, Inc. v. United States</u>, 687 F. Supp1580 (CIT 1988).

### b. Reason for the Delay in Filing the Motion to Remain on the CCMC.

In the instant case, first, Plaintiff's counsel mistakenly believed the case would remain on the Court's calendar for another thirty days – sufficient time to file a proposed motion to remain on the Court's calendar.

Second, earlier in May, counsel appeared at oral argument in the Court of Appeals for the Federal Circuit. After his return to Los Angeles, counsel experienced a fall at a hotel which resulted in multiple gashes to his head. Counsel required treatment at the hospital. Counsel believes that the injury contributed in some way to the resulting confusion of the time deadline.

Plaintiff's law firm does have a system for docketing court deadlines. Its professional liability insurance policy requires, as a condition of coverage, that the firm have two independent monitoring systems. The calendar has both a deadline and a 30 reminder for court deadlines. Here, however, counsel mistakenly believed the deadline was a reminder and the case would remain on the Customs Case Management Calendar for another 30 days. The firm regularly holds weekly calendar meetings, at which upcoming deadlines are reviewed and identified, and attorneys are tasked with filing necessary motions or taking other required actions. In this case, counsel misinterpreted the deadline as a 30 day reminder, rather than the deadline.

Court No. 20-00099

Counsel's travel to the CAFC in early May and subsequent fall in a hotel requiring a medical emergency created circumstances leading to his mistake of fact or inadvertence amounting to counsel's neglect as excusable.

**c. Prejudice to the Defendant.**  There is no harm to the Defendant or the Court if these actions are restored to the Court's calendar. If the parties cannot stipulate the case, then Plaintiff would remove the case from the Customs Case Management Calendar by filing its complaint. The Government, as stated below, will suffer no prejudice if the motion is granted and the case is restored to the CCMC.

**d. Impact on the Court.**

Restoring the case to the Court's calendar will not interfere with the efficiency of judicial administration; the substance of the motion is to restore this action to the CCMC, which, by definition, requires the most minimal amount of judicial supervision. Restoring this case to the Court's calendar will serve only to preserve the Court's subject-matter jurisdiction over a denied administrative protest. "In accordance with the USCIT Rule 1, Rule [6(b)(1)(B)] 'shall be construed and administered to secure the just, speedy, and inexpensive determination' of th[ese] action[s]," *Former Emps. of Tyco Elecs.*, 27 C.I.T. at 382, which is what granting the requested relief would achieve. *See 4A Federal Practice and Procedure* § 1165; 2 *Moore's Federal Practice* ¶ 6.08. "In accordance with the mandate of Rule 1, that the Rules should be construed 'to secure the just, speedy and inexpensive determination of every action,' the courts generally have given Rule 6(b) a liberal interpretation in order to work substantial justice." *Id.* The USCIT "favors efficient resolution of actions under the rules and will work with opposing

counsel who pursue their responsibilities to that end with due diligence," *Teletronics Pacing Sys. v. United States*, 20 C.I.T. 393, 393 (1996); *E. Gluck Corp. v. United States*, 13 C.I.T. 922, 923 (1989). Restoring the case to the Court's calendar will allow counsel to pursue resolution of this action.

**e. Good Faith.** "To establish excusable neglect . . . a movant must show good faith and a reasonable basis for noncompliance." Rittmaster v. Painewebber Grp., Inc., 147 F.3d 132, 135 (2d Cir. 1998). Plaintiff's good faith is evidenced primarily by its ongoing efforts to stipulate the pending case with counsel for the Government. Until now, Plaintiff has not sought any extension of time to delay the case. This is an isolated instance and has not filed repeated motions out of time. Plaintiff seeks to address whether its imported sinks are wholly subject to an antidumping/countervailing duty assessments imposed in this case and not components outside the scope of the antidumping/countervailing duty orders. There has been no neglect in the handling of this case, and counsel for the parties have maintained a dialog concerning the case.

## Conclusion

In sum, in *Rockwell Automotive, Inc. v. U.S.,* 7 F.Supp. 3d (CIT 2014) this court quoting the U.S. Supreme Court noted that ". . . at bottom – a determination . . . whether 'party's neglect of a deadline' is excusable is an "equitable" determination, taking into account *all relevant circumstances* surrounding the party's omission." Citations omitted. By contrast, unlike Rockwell, Plaintiff's omission is an isolated instance where Rockwell filed multiple out of time motions. Unlike Rockwell, Plaintiff brings this motion

Court No. 20-00099

immediately after receiving notice of the dismissal. Counsel's mistake of fact is a basis for relief under Rule 60 and to find excusable neglect under the applicable Court rule. Balancing the equities here, there is evidence of a mistake of fact, inadvertence, and factors contributing to counsel's mistake. There is no prejudice or harm to the Defendant and granting the motion will not impact the Court's efficiency. Hence there is a sound basis to find excusable neglect.

Plaintiff has conferred with Justin Miller and Hardeep Josan, counsel for Defendant, who state that, "[w]e defer to the discretion of the Court as to the relief requested, but note that the Government will not be prejudiced if the case is reinstated and placed on the Customs case management calendar." Accordingly, for the reasons set forth herein, Plaintiff's motion shows good cause for the Court to grant this motion for relief from judgment under USCIT Rule 60(b).

Dated: June 6, 2022            Respectfully submitted,

By: ___/s/ Elon A. Pollack___
Elon A. Pollack
STEIN SHOSTAK SHOSTAK POLLACK & O'HARA
Attorneys for Plaintiff
865 South Figueroa Street, Suite 1388
Los Angeles, California 90017
Telephone: (213) 630-8888
Fax: (213) 630-8890
E-Mail: elon@steinshostak.com