**PUBLIC VERSION**

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. JENNIFER CHOE-GROVES, JUDGE

| | | |
|---|---|---|
| _____ | : | |
| R.H. PETERSON CO., | : | |
| | : | |
| Plaintiff, | : | Court No. 20-00099 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## **[PROPOSED] ORDER**

Upon reading defendant's motion to dismiss, plaintiff's response thereto; and upon

consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that defendant's motion be, and hereby is granted, and it is further

**ORDERED** that this action is dismissed with prejudice.


_____
JENNIFER CHOE-GROVES, JUDGE

Dated: _____, 2023
         New York, New York

**PUBLIC VERSION**

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. JENNIFER CHOE-GROVES, JUDGE

_____

| | |
|---|---|
| R.H. PETERSON CO., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| UNITED STATES, | : |
| | : |
| Defendant. | : |

_____ :

Court No. 20-00099

### **<u>DEFENDANT'S MOTION TO DISMISS</u>**

Pursuant to Rules 12(b)(1) and (6) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court dismiss this action for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. The reasons for our motion are set forth in the accompanying memorandum of law.

WHEREFORE, defendant respectfully requests that an order be entered granting

defendant's motion to dismiss, dismissing this action, and granting defendant such other and

further relief as can be just and appropriate.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Guy R. Eddon
GUY R. EDDON
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9232 or 9230
*Attorneys for Defendant*

Of Counsel:
Valerie Sorensen-Clark
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Dated:  May 5, 2023

2

**CONFIDENTIAL INFORMATION REDACTED**

## **TABLE OF CONTENTS**

**PAGE**

BACKGROUND AND FACTS ........................................................................ 2

    A.  The Entries At issue ....................................................................... 2

    B.  RHP's [███████████] ............................................................... 7

ARGUMENT .............................................................................................. 12

I.      STANDARDS OF REVIEW ............................................................ 12

    A.  Motion to Dismiss Pursuant To USCIT R. 12(b)(1) ..................... 12

    B.  Motion to Dismiss Pursuant To USCIT R. 12(b)(6) ..................... 13

II.     THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE LIQUIDATED DUTIES WERE NOT PAID PRIOR TO FILING THE SUMMONS ...................................................................................... 14

III.   A PRIOR DISCLOSURE INVOLVES A SEPARATE ADMINISTRATIVE PROCESS FROM THE PAYMENT OF LIQUIDATED DUTIES .................... 16

    A.  Payment Of Duties Upon Liquidation ........................................... 16

    B.  Prior Disclosure Policies and Regulations .................................... 17

    C.  Tender Of Loss Of Revenue On A Prior Disclosure ..................... 19

    D.  Payments Made In Connection with a Prior Disclosure Are Not Duty Payments Due Upon Liquidation .................................................. 21

IV.   RHP Has Already Received Part Of The Relief It Requested For One Entry ...... 24

CONCLUSION ........................................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                                          <u>PAGE(S)</u>

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................... 14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................... 13, 14

*Browning v. Clinton*,
    292 F.3d 235 (D.C. Cir. 2002) ........................................................................... 13

*CR Indus. v. United States*,
    10 C.I.T. 561 (1986) .......................................................................................... 12

*Craft v. United States*,
    218 Ct. Cl. 579, 589 F.2d 1057 (1978) .............................................................. 13

*Dazzle Mfg., Ltd. v. United States*,
    971 F. Supp. 594 (Ct. Int'l Trade 1997) ............................................................ 15

*Dery v. Wyer*,
    265 F.2d 804 (2d Cir. 1959) ............................................................................... 13

*F. Alderete General Contractors, Inc. v. United States*,
    715 F.2d 1476 (Fed. Cir. 1983) .......................................................................... 13

*Glamorise Foundations, Inc. v. United States*,
    661 F. Supp. 630 (Ct. Int'l Trade 1987) ............................................................ 15

*Great Am. Ins. Co. of New York v. United States*,
    710 F. Supp. 2d 1346 (Ct. Int'l Trade 2010)...................................................... 15

*Hill v. Rolleri*,
    615 F.2d 886 (9th Cir. 1980) .............................................................................. 13

*JCM, Ltd. v. United States*,
    210 F.3d 1357 (Fed. Cir. 2000) .......................................................................... 12

*Kellogg Brown & Root Servs., Inc. v. United States*,
    728 F.3d 1348 (Fed. Cir. 2013) .......................................................................... 13

*Melco Clothing Co., Inc. v. United States*,
    804 F. Supp. 369 (Ct. Int'l Trade 1992) ............................................................ 15

*Ovan Int'l, Ltd. v. United States*,
    49 F. Supp. 3d 1327 (Ct. Int'l Trade 2015)........................................................ 14

*Pentax Corp. v. Robison*,
    125 F.3d 1457 (Fed. Cir. 1997) ...................................................................... 12

*Rack Room Shoes v. United States*,
    718 F.3d 1370 (Fed. Cir. 2013) ...................................................................... 14

*Rosado v. Wyman*,
    397 U.S. 397, 90 S. Ct. 1207, 25 L. Ed. 2d 442 (1970)....................................... 13

*Rosenman v. United States*,
    323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945) ......................................... 22, 23

*St. Paul Mercury Indemnity Co. v. Red Cab Co.*,
    303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938)............................................. 13

*Steel Co. v. Citizens For A Better Environment*,
    523 U.S. 83 (1998)....................................................................................... 12

*U.S. v. American Home Assur. Co.*,
    100 F. Supp. 3d 1364 (Ct. Int'l Trade 2015)..................................................... 22

*United Pac. Ins. Co. v. United States*,
    464 F.3d 1325 (Fed. Cir. 2006) ...................................................................... 13

*VanCanagan v. U.S.*,
    231 F.3d 1349 (Fed. Cir. 2000) ...................................................................... 22

*Wally Packaging, Inc. v. United States*,
    7 C.I.T. 19, 578 F. Supp. 1408 (1984).............................................................. 13

*Washington Int'l Ins. Co. v. United States*,
    25 C.I.T. 207, 138 F. Supp. 2d 1314 (2001) ..................................................... 13

*Wuxi Seamless Oil Pipe Co., Ltd. v. United States*,
    780 F. Supp. 2d 1337 (Ct. Int'l Trade 2011)..................................................... 14

## STATUTES

19 U.S.C. § 1501 ........................................................................................... 16

19 U.S.C. § 1505 ........................................................................................... 16

19 U.S.C. § 1505(b) ................................................................................................ 16

19 U.S.C. § 1592 ............................................................................................... passim

19 U.S.C. § 1592(c)(4) ...................................................................................... passim

19 U.S.C. §1592(c)(4)(A) ......................................................................................... 19

28 U.S.C. § 1581(a)...........................................................................1, 14, 15, 23

28 U.S.C. § 2637 ............................................................................................. 1, 2, 3

28 U.S.C § 2637(a).......................................................................................... 14, 15, 16

## **RULES**

U.S.C.I.T. Rule 12(b)(1) .............................................................................................. 1

U.S.C.I.T. Rule 12(b)(6) .............................................................................................. 1

## **REGULATIONS**

19 C.F.R. § 159.1 .................................................................................................... 16

19 C.F.R. § 159.2 .................................................................................................... 16

19 C.F.R. § 162.73 .................................................................................................. 18

19 C.F.R. § 162.74 ......................................................................................7, 16, 18, 19

19 C.F.R. § 162.74(a) ........................................................................................... 18, 19

19 C.F.R. § 162.74(c) ........................................................................................ 11, 12, 20

## **OTHER AUTHORITIES**

*Drawn Stainless Steel Sinks from the People's Republic of China: Amended Final
Determination of Sales at Less Than Fair Value and Antidumping Duty Order,*
    78 Fed. Reg. 21,592 (Apr. 11, 2013) ......................................................................3

*Drawn Stainless Steel Sinks From the People's Republic of China: Countervailing Duty
Order,* 78 Fed. Reg. 21,596 (Apr. 11, 2013).........................................................3

PUBLIC VERSION

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. JENNIFER CHOE-GROVES, JUDGE

_____
                                                :
R.H. PETERSON CO.,                              :
                                                :
                              Plaintiff,         :            Court No. 20-00099
                                                :
                    v.                          :
                                                :
UNITED STATES,                                  :
                                                :
                              Defendant.         :
_____:

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, United States (the Government), submits this memorandum in support of its

motion, pursuant to Rules 12(b)(1) and (6) of the Rules of the United States Court of

International Trade, to dismiss this action for lack of subject matter jurisdiction and failure to

state a claim for which relief can be granted.

Plaintiff, R.H. Peterson Co. (RHP or Peterson), commenced this action to challenge,

under 28 U.S.C. § 1581(a), U.S. Customs and Border Protection's (Customs or CBP) denial of

two protests covering four entries of stainless-steel sink kits imported from Taiwan that were

filed at the Port of Los Angeles, California between November 9, 2016, and June 13, 2017.  RHP

contests CBP's assessment of antidumping duties and countervailing duties (AD/CVD) on the

"entire declared value" of the subject sinks, rather than "just the value of the unfinished sinks

and components from China that are subject to the ADD/CVD orders" under AD Case No. A-

570-983 and CVD No. C-570-984.  Compl. ¶ 12.

The Court lacks jurisdiction to hear this action because RHP failed to pay "all liquidated

duties, charges, or exactions," 28 U.S.C. § 2637, owed, before filing its summons on May 1,

CONFIDENTIAL INFORMATION REDACTED

2020.  Dkt. No. 1.  Moreover, RHP failed to state a claim for Entry No. D14-1430362-2

regarding Court I of its complaint, because it has already received the relief it seeks.

## BACKGROUND AND FACTS

**A.  The Entries at Issue**

This action concerns four entries of stainless-steel sink kits filed at the Port of Los

Angeles, California.  RHP filed Entry No. D14-1430362-2 on November 9, 2016, Entry No.

D14-1432445-3 on February 15, 2017, Entry No. D14-1434025-1 on April 26, 2017, and Entry

No. D14-1435146-4 on June 13, 2017.  RHP classified the subject merchandise upon entry under

subheading 7324.10.00, Harmonized Tariff Schedule of the United States (HTSUS), as "Sinks

and wash basins, of stainless steel," but listed the country of origin as Taiwan and designated the

entries as Type 01 (consumption) entries, indicating that the sinks were not subject to either

antidumping duties or countervailing duties (AD/CVD).

**CONFIDENTIAL INFORMATION REDACTED**



CONFIDENTIAL INFORMATION REDACTED



CONFIDENTIAL INFORMATION REDACTED

| | | ███ | ███ | ███ | ███ |
|---|---|---|---|---|---|
| ███ | | ███ | ███ | ███ | ███ |
| | | ███ | ███ | ███ | ███ |
| | | ███ | ███ | ███ | ███ |

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████

███████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

██████████████████████████████

███████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██

**CONFIDENTIAL INFORMATION REDACTED**

CONFIDENTIAL INFORMATION REDACTED

**B. RHP's [** ███████████ **]**

[ ████████████████████████████████████

████████████████████████████████

██████████████████████████████████

███████████████████████████████

██████████████████████████████████

█████████████████████████████

███████████████████████████████████

███████████████████████████████████

█████████████████████████████████

██████████████████████████████████

██████████████████████████████████

███████████████

████████████████████████████████

██████████████████████████████

███████████████

███████████████████████████████████

█████████████████████████████████

█████████████████████████████████

██████████████████████████████████

███████████████████████████████████

████████████████████████████████████

█████████████████████████████

**CONFIDENTIAL INFORMATION REDACTED**



CONFIDENTIAL INFORMATION REDACTED



CONFIDENTIAL INFORMATION REDACTED

**CONFIDENTIAL INFORMATION REDACTED**



CONFIDENTIAL INFORMATION REDACTED



]

As discussed below, at the time of the commencement of this action on May 1, 2020 (Dkt. No. 1), RHP had not satisfied the mandatory prerequisite of payment in full of all duties prior to the commencement of an action.  Monies tendered in a pending prior disclosure do not satisfy the requisite payment of duties for the Court's section 1581(a) jurisdiction to attach.

## ARGUMENT

I.   STANDARDS OF REVIEW

### A.   Motion to Dismiss Pursuant To USCIT R. 12(b)(1)

The Court's determination of its subject matter jurisdiction is a threshold inquiry.  *Steel Co. v. Citizens For A Better Environment*, 523 U.S. 83, 94-95 (1998); *CR Indus. v. United States*, 10 C.I.T. 561, 562 (1986) ("It is fundamental that the existence of a jurisdictional predicate is a threshold inquiry in which plaintiff bears the burden of proof."). Whether to grant a motion to dismiss for lack of jurisdiction is a question of law.  *JCM, Ltd. v. United States*, 210 F.3d 1357, 1359 (Fed. Cir. 2000).  Where jurisdiction is challenged pursuant to Rule 12(b)(1), the burden rests on the plaintiff to establish the basis for jurisdiction. *Pentax Corp. v. Robison*, 125 F.3d

1457, 1462 (Fed. Cir. 1997), *modified, in part*, 135 F.3d 760 (Fed. Cir. 1998); *see also Wally Packaging, Inc. v. United States*, 7 C.I.T. 19, 20, 578 F. Supp. 1408, 1410 (1984) (noting that "[w]hen the Court's jurisdiction is challenged, the party asserting jurisdiction has the burden of establishing that jurisdiction exists").

"Jurisdiction over Customs' actions is measured at the time the summons is filed." *Washington Int'l Ins. Co. v. United States*, 25 C.I.T. 207, 218, 138 F. Supp. 2d 1314, 1326 (2001).  This follows from "the long-standing rule in the Federal courts that jurisdiction is determined at the time the suit is filed and, after vesting, cannot be ousted by subsequent events, including action by the parties." *F. Alderete General Contractors, Inc. v. United States*, 715 F.2d 1476, 1480 (Fed. Cir. 1983) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293, 58 S. Ct. 586, 82 L. Ed. 845 (1938); *Rosado v. Wyman*, 397 U.S. 397, 402, 90 S. Ct. 1207, 25 L. Ed. 2d 442 (1970); *Dery v. Wyer*, 265 F.2d 804 (2d Cir. 1959); *Hill v. Rolleri*, 615 F.2d 886 (9th Cir. 1980); *Craft v. United States*, 218 Ct. Cl. 579, 589 F.2d 1057 (1978)), cited in *Washington Int'l*, 25 C.I.T. at 218, 138 F. Supp. 2d at 1325.

### B.    Motion to Dismiss Pursuant To USCIT R. 12(b)(6)

A motion to dismiss for failure to state a claim is appropriate when a plaintiff's allegations do not entitle it to a remedy.  *See United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327 (Fed. Cir. 2006).  The motion "tests the legal sufficiency of a complaint," *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002), which must be dismissed if it fails to present a legally cognizable right of action, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"In deciding a motion to dismiss, the court must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant," *Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013), but need not accept legal conclusions contained in the same allegations, *Twombly*, 550 U.S. at 555.  "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original); *see also Rack Room Shoes v. United States*, 718 F.3d 1370, 1376 (Fed. Cir. 2013).

Dismissal is required when a complaint fails to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Although courts will primarily consider the allegations in a complaint when considering a motion to dismiss for failure to state a claim, courts may also consider "facts…in documents appended to the complaint or incorporated in the complaint by reference, and to matters for which judicial notice may be taken." *Wuxi Seamless Oil Pipe Co., Ltd. v. United States*, 780 F. Supp. 2d 1337, 1339 (Ct. Int'l Trade 2011) (quotations and citations omitted).

## II.   THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE LIQUIDATED DUTIES WERE NOT PAID PRIOR TO FILING THE SUMMONS

RHP asserts jurisdiction under 28 U.S.C. § 1581(a), *see* Compl. ¶ 1, which grants the Court exclusive jurisdiction over "any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." 28 U.S.C. § 1581(a); *see also, Ovan Int'l, Ltd. v. United States*, 49 F. Supp. 3d 1327, 1331 (Ct. Int'l Trade 2015) (The Court's jurisdiction "is limited to appeals of valid and timely protests that have been denied by Customs."). Prior to filing an action at the CIT under 28 U.S.C. § 1581(a), parties are statutorily obligated to pay all duties, charges, or exactions owed on a liquidated entry. Under 28 U.S.C § 2637(a), "[a] civil action contesting the denial of a protest under section 515 of the Tariff Act

CONFIDENTIAL INFORMATION REDACTED

of 1930 [*i.e.*, an action invoking jurisdiction under 28 U.S.C. § 1581(a)] may be commenced in the Court of International Trade *only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced*." 28 U.S.C § 2637(a) (emphasis added). This Court's case law unambiguously holds that the requirements of § 2637(a) are strictly applied and the payment of all liquidated duties, charges or exactions at the time the action is commenced is a condition precedent that must be satisfied before invoking the CIT's jurisdiction. *See Great Am. Ins. Co. of New York v. United States*, 710 F. Supp. 2d 1346, 1350-51 (Ct. Int'l Trade 2010) ("Case law unambiguously holds that the requirements of § 2637(a) are strictly applied and the statute precludes any exercise of discretion by the Court."); *Dazzle Mfg., Ltd. v. United States*, 971 F. Supp. 594, 596 (Ct. Int'l Trade 1997) (Stating that there is a "clear statutory mandate and numerous decisions which have applied strictly section 2637(a)'s requirement," and "it is well settled that in a suit against the government, jurisdictional requirements cannot be waived or subject to excuse or remedy on the basis of equitable principles."); *Melco Clothing Co., Inc. v. United States*, 804 F. Supp. 369, 371 (Ct. Int'l Trade 1992); *Glamorise Foundations, Inc. v. United States*, 661 F. Supp. 630, 632–33 (Ct. Int'l Trade 1987). At the time of the filing of this action, RHP had not paid all the liquidated duties owed on the entries at issue.



] RHP has not paid all liquidated duties

CONFIDENTIAL INFORMATION REDACTED

for any of the entries at issue in this litigation.  Accordingly, RHP has not satisfied the payment requirements under 28 U.S.C. § 2637(a) for any of these entries and the CIT lacks jurisdiction over this action.

III.   **A PRIOR DISCLOSURE INVOLVES A SEPARATE ADMINISTRATIVE PROCESS FROM THE PAYMENT OF LIQUIDATED DUTIES**

A prior disclosure made under 19 U.S.C. § 1592 and 19 C.F.R. § 162.74 describes a separate and distinct administrative process from the payment of liquidated duties under 19 U.S.C. § 1505, which parties are required to make before commencing an action under section 1581(a).  Because prior disclosures and standard duty payments for duties on imports and interest are separate, payments made in connection with a pending prior disclosure are not credited toward duties owed on liquidated entries.

A.   **Payment Of Duties Upon Liquidation**

In the entry process, when CBP liquidates an entry it determines the HTSUS subheading in which the importation is properly classified and assesses the correct amount of duties including any AD/CVD.  19 C.F.R. § 159.1, 19 C.F.R. § 159.2.  CBP may also "reliquidate" an entry within ninety days of the date of the notice of original liquidation if it changes the liquidation. 19 U.S.C. § 1501.  The duties, fees, and interest determined to be due upon liquidation or reliquidation are due thirty days after issuance of the bill for such payment.  19 U.S.C. § 1505(b).  When parties pay the liquidated or reliquidated duties subject to a CBP bill, those funds are placed into an account for the payment of duties on imports.

CONFIDENTIAL INFORMATION REDACTED

**B.      Prior Disclosure Policies and Regulations**

A party involved in the business of importing into the United States (including, but not

limited to, importers, customs brokers, exporters, shippers, and foreign suppliers/manufacturers)

may file a prior disclosure, if it believes it has committed a violation under 19 U.S.C. § 1592

(Section 592).  *What Every Member of the Trade Community Should Know: Prior Disclosure*,

Informed Compliance Publication, U.S. Customs and Border Protection (Aug. 2017) (*Prior

Disclosure ICP*) at 8; *see also Prior Disclosure ICP* at 8-9 (Parties are not required to submit a

prior disclosure but can *elect* to do so with the goal of mitigating potential penalties.)  Section

592 provides that no person may by fraud, gross negligence or negligence enter or attempt to

enter any merchandise into the commerce of the United States by means of "any document,

written or oral statement, or act which is material and false," or "any omission which is material"

or aid or abet any other person in such a violation.  19 U.S.C. § 1592.  "[T]ypical examples of

such violations include . . . evasion of an antidumping/countervailing duty (AD/CVD) order . . ."

*Prior Disclosure ICP* at 8.

Once a prior disclosure is submitted, CBP determines whether a prior disclosure is valid

and can be accepted.  *See* 19 C.F.R. § 162.74.  For a prior disclosure to be valid, it must (1)

disclose the full circumstances of a violation of 19 U.S.C. § 1592, (2) before, or without

knowledge of, the commencement of a formal investigation of that violation, and (3) include a

tender of any *actual* loss of duties associated with the violation.  19 C.F.R. § 162.74(a); *Prior

Disclosure ICP* at 8.  Once CBP determines that the first two conditions are met, the agency will

then calculate the actual loss of revenue caused by the violation.  19 C.F.R. § 162.74(a); *Prior

Disclosure ICP* at 10.  The disclosing party will then submit a tender equaling the total amount

of the actual loss of revenue if it has not already done so.  *Prior Disclosure ICP* at 10.  Only

once all these conditions have been met, will CBP find the prior disclosure to be valid and accept

it.  *Id.*

**CONFIDENTIAL INFORMATION REDACTED**

CBP may also assess civil monetary penalties against importers for violation of the offenses described in Section 592 which are graded in accordance with the seriousness of the offense.  *See* 19 C.F.R § 162.73; *Prior Disclosure ICP* at 8.  If a party makes a valid prior disclosure to CBP, the maximum penalties for the violation are reduced and seizure of merchandise is prohibited.  19 U.S.C. § 1592(c)(4); *Prior Disclosure ICP* at 8, 14.  CBP will notify the disclosing party by means of a pre-penalty notice and set forth the amount of the reduced penalty assessment in its notice, in accordance with 19 U.S.C. §1592(c)(4)(A) and (B).  *Prior Disclosure ICP* at 14-15.

If a prior disclosure does not meet the requirements of 19 C.F.R. § 162.74 (*i.e.*, is determined to be invalid), CBP must reject it and will proceed with a penalty under 19 U.S.C. § 1592 at the prescribed statutory penalty amounts and the disclosing party will not receive the reduced penalty benefits afforded by a valid prior disclosure.  *Id.* at 15.  Neither the statute nor the regulations set a time limit for CBP's acceptance or rejection of a prior disclosure.

CONFIDENTIAL INFORMATION REDACTED

█████████████████████████████████████████████████████████

████████████████████████ ]

### C.      Tender Of Loss Of Revenue On A Prior Disclosure

In all cases of a prior disclosure involving liquidated entries and revenue loss violations, the party must tender the actual loss of revenue calculated by CBP for the prior disclosure to be considered valid and accepted. *Prior Disclosure ICP* at 8. However, the disclosing party may choose to make the tender either at the time of the disclosure or within thirty days after CBP notifies the party in writing of CBP's calculation of the actual loss of revenue, which may be extended. 19 C.F.R. § 162.74(c); *Prior Disclosure ICP* at 8. Thus, a disclosing party may wait to tender the loss of revenue until CBP has completed its final calculation. *Prior Disclosure ICP* at 10. If a party chooses to submit a tender of the duties it believes are owed prior to CBP's final calculation, CBP will notify the party after determining the total loss of revenue whether any duty tender initially submitted was insufficient and give an opportunity for the party to increase its tender to the amount calculated and requested by CBP. *Id.* at 12.

When any party submits a check for payment of any kind to CBP, the money is deposited in one of several accounts, each designated for a specific purpose. Decl. of Paul Sumbi ¶ 11. As noted, above, when a disclosing party submits a check to CBP as a tender towards the loss of revenue on a prior disclosure, the check is deposited in a suspense account under Account Class Code 073 where the funds are held until a determination has been made as to the proper disposition of the monies. *Id.* at ¶ 12.

Only when a prior disclosure is accepted are the tendered funds that constitute the loss of revenue transferred to an account for payments of duties on imports and/or interest owed. Decl. of Paul Sumbi ¶ 17. If a prior disclosure is rejected CBP can refund to the disclosing party monies tendered on the rejected prior disclosure. Decl. of Paul Sumbi ¶ 18. If CBP determines

**CONFIDENTIAL INFORMATION REDACTED**

that there was no violation of 19 U.S.C. § 1592, the prior disclosure becomes moot, and it is CBP's policy to refund any tender of loss of revenue submitted with the prior disclosure. *Prior Disclosure ICP* at 10.

A disclosing party may also request to withdraw its prior disclosure at any time before it is accepted by CBP. Decl. of Paul Sumbi ¶ 15. Should the prior disclosure be withdrawn, the disclosing party will not receive the benefit of a penalty reduction, but CBP can refund to the disclosing party monies already tendered towards the loss of revenue on the prior disclosure. *Id.* at ¶ 16.



**D.** **Payments Made In Connection with a Prior Disclosure Are Not Duty Payments Due Upon Liquidation**

CONFIDENTIAL INFORMATION REDACTED

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ ]

Because "Customs is holding the payments in suspense accounts awaiting resolution," these submissions are not applied as duty payments to liquidated entries.  *U.S. v. American Home Assur. Co.*, 100 F. Supp. 3d 1364, 1367-68 (Ct. Int'l Trade 2015).  Similarly, the concept of a suspense account in tax law, is understood to be "a judicially-created concept that stems from the Supreme Court's decision in *Rosenman v. United States*, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945)."  *VanCanagan v. U.S.*, 231 F.3d 1349, 1352 (Fed. Cir. 2000).  In *Rosenman*, the Supreme Court held that "[m]oney in these accounts is held not as taxes duly collected are held but as a deposit made in the nature of a cash bond for the payment of taxes thereafter found to be due."  *Rosenman*, 323 U.S. at 662.  In the customs context, monies submitted as a tender on a prior disclosure are held by CBP in a suspense account as a deposit made toward the payment of duty that may be found to be due after CBP evaluates the prior disclosure.  As discussed, CBP will not calculate the amount of loss of revenue until after it evaluates the submitted prior disclosure.

[████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

**CONFIDENTIAL INFORMATION REDACTED**

]

Because RHP failed to pay the full amount of the duties owed for the subject entries,

jurisdiction under 28 U.S.C. § 1581(a) is not available and this case must be dismissed.

CONFIDENTIAL INFORMATION REDACTED

**IV.     RHP Has Already Received Part Of The Relief It Requested For One Entry**

In the alternative, Count I of RHP's complaint is also subject to dismissal as to Entry No. D14-1430362-2 for failure to state a claim upon which relief can be granted because RHP has already received the relief it requested.  Count I of RHP's complaint alleges that "China components of the imported finished sinks and kits that are specifically excluded from and outside the scope of the ADD/CVD orders are not subject to ADD/CVD," and "ADD/CVD may not be assessed on the value of excluded components."  Compl. ¶¶ 20-21.  In its prayer for relief, RHP asks, in relevant part, that the "CIT hold [that the] China components of Plaintiff's imported finished sinks and kits that are specifically excluded from and outside the scope of the ADD/CVD orders are not subject to ADD/CVD."  *Id.* ¶ 25.

In its complaint, RHP states that Protest No. 2704-18-100444 was denied and does not acknowledge that protest was allowed in part.  Compl. ¶¶ 3, 17-18.  However, as noted above in the background section, on November 6, 2019, CBP partially approved Protest No. 2704-18-100444, which covered Entry No. D14-1430362-2, accepting RHP's argument that four components of the sink assembly—the drainer pipe, drainer, carton, and instructions—were not covered by the scope of the AD and CVD Orders.  On November 15, 2019, CBP reliquidated Entry No. D14-1430362-2, reducing the total value for assessing AD and CVD by the collective value of those four components [█████████████████████████].  RHP has therefore already received the relief it seeks under Count I of its complaint for this entry, and its claim should be dismissed with respect to this entry.  Put another way, as to Protest No. 2704-18-100444, which covered Entry No. D14-1430362-2, Count I of the complaint improperly challenges an approved protest.

## **CONCLUSION**

For the foregoing reasons, this Court should grant the Government's motion to dismiss

for lack of subject matter jurisdiction.  Additionally, this Court should dismiss Count I of the

complaint with regard to Entry No. D14-1430362-2 for failure to state a claim for which relief

can be granted.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Guy R. Eddon
GUY R. EDDON
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9232 or 9230
*Attorneys for Defendant*

Of Counsel:
Valerie Sorensen-Clark
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Dated:  May 5, 2023

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Guy Eddon, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's memorandum in support of defendant's motion to dismiss, dated May 5, 2023, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 7,596 words.

<u>/s/ Guy Eddon</u>