UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. JENNIFER CHOE-GROVES, JUDGE

_____
                                            :
R.H. PETERSON CO.,                          :
                                            :
              Plaintiff,                    :    Court No. 20-00099
                                            :
         v.                                 :
                                            :
UNITED STATES,                              :
                                            :
              Defendant.                    :
_____ :

### DEFENDANT'S REPLY IN FURTHER SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

|  |  |
|---|---|
|  | BRIAN M. BOYNTON |
|  | Principal Deputy Assistant Attorney General |
|  |  |
|  | PATRICIA M. McCARTHY |
|  | Director |
|  |  |
|  | JUSTIN R. MILLER |
|  | Attorney-In-Charge |
|  | International Trade Field Office |
|  |  |
|  | AIMEE LEE |
|  | Assistant Director |
| Of Counsel: |  |
| Valerie Sorensen-Clark, Esq. | NICO GURIAN |
| Office of Assistant Chief Counsel | GUY EDDON |
| International Trade Litigation | Trial Attorney |
| U.S. Customs and Border Protection | International Trade Field Office |
|  | Department of Justice, Civil Division |
|  | Commercial Litigation Branch |
|  | 26 Federal Plaza, Room 346 |
|  | New York, New York 10278 |
|  | (212) 264-9230 or 9236 |
| Dated: November 26, 2024 | *Attorneys for Defendant* |

**TABLE OF CONTENTS**

ARGUMENT ........................................................................................................................... 2

I. Taiwan Finishing Work And Labor Are Included In The Imported Drawn Stainless Steel Sinks From China And Are Within The Scope Of The AD/CVD Orders ................................................................................... 2

II. RH Peterson Received Its Requested Relief On Count I Of The Complaint For Entry No. D14-1430362-2 By Means Of A Reduction Of Its Outstanding AD/CVD Liability ............................................. 5

III. RH Peterson's Reply To The Government's Response To RH Peterson's Rule 56.3 Statement Of Undisputed Facts Is Improper. .................................... 5

CONCLUSION ....................................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**

*Akpeneye v. United States*,
990 F.3d 1373 (Fed. Cir. 2021)………………………………………………………………..4

*Bell Supply Co., LLC v. United States*,
  888 F.3d 1222 (Fed. Cir. 2018) ...................................................................................................3

*Ford Motor Co. v. United States,*
  254 F. Supp. 2d 1297 (Ct. Int'l Trade)………..……………………………...……………5

**Statutes**

19 U.S.C. § 1401(a)(b)(1) ................................................................................................................1

**Regulations**

*Drawn Stainless Steel Sinks from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 78 Fed. Reg. 21,592 (Dep't of Commerce Apr. 11, 2013) ........................................................................................................ 2

*Drawn Stainless Steel Sinks from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Countervailing Duty Order*, 78 Fed. Reg. 21,596 (Dep't of Commerce Apr. 11, 2013) ........................................................................................................ 2

**Rules**

USCIT Rule 56 .................................................................................................................5, 6

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| R.H. PETERSON CO., : | |
| Plaintiff, : | Court No. 20-00099 |
| v. : | |
| UNITED STATES, : | |
| Defendant. : | |

## DEFENDANT'S REPLY IN FURTHER SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant, United States (the Government), respectfully submits this reply in further support of its cross-motion for summary judgment. There is no dispute that the relevant antidumping and countervailing duty orders (AD/CVD Orders) cover drawn stainless steel sinks from China along with certain components. There is no dispute that, at the time the subject sink kits were shipped to the United States, they (1) were drawn stainless steel sinks from China that (2) had a "price actually paid," 19 U.S.C. § 1401a(a)(b)(1), that included the value of finishing work and labor performed in Taiwan. Accordingly, U.S. Customs and Border Protection (CBP) properly assessed AD/CVD on that "price actually paid" when it initially liquidated the sink kits at issue.

Plaintiff R.H. Peterson Co.'s (RH Peterson) response and reply brief (Pl.'s Resp.) fails to address this straightforward argument and cites no case law in support of its argument that the Taiwan finishing work and labor should be discounted from the "price actually paid." Instead, RH Peterson relies on an atextual reading of the scope language, nonbinding deposition

testimony, and a CBP's Cargo Systems Messaging Service (CSMS) message and an internal Commerce portal message that support the Government's position. The Court should therefore grant the Government's cross-motion.

## ARGUMENT

I. <u>Taiwan Finishing Work And Labor Are Included In The Imported Drawn Stainless Steel Sinks From China And Are Within The Scope Of The AD/CVD Orders</u>

RH Peterson's argument boils down to the assertion that the finishing work and labor performed in Taiwan are not within the scope of the relevant AD/CVD Orders in this case. But, as we explained in our opening brief, this argument finds no support in either the AD/CVD Orders or case law.

There is no dispute that the AD/CVD Orders cover drawn stainless steel sinks from China. *Drawn Stainless Steel Sinks from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 78 Fed. Reg. 21,592 (Dep't of Commerce Apr. 11, 2013); *Drawn Stainless Steel Sinks from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Countervailing Duty Order*, 78 Fed. Reg. 21,596 (Dep't of Commerce Apr. 11, 2013). There is no doubt that RH Peterson's drawn stainless steel sinks are "from China" when imported into the United States. Gov't 56.3 ¶¶ 15, 37-38; Pl.'s Resp. to Gov't 56.3 ¶¶ 15, 37-38. RH Peterson seemingly interprets "from China" to mean that AD/CVD should be assessed when the unfinished sink bucket is shipped from China to Taiwan for further processing. Pl.'s Resp. at 4. But RH Peterson's focus is misplaced. What matters is whether the sinks are "from China," which in the Orders is a term of art that refers to the merchandise's country of origin. Contrary to RH Peterson's suggestion, the relevant question here is whether the merchandise had the country of origin of China when it is imported into to the United States after undergoing

2

finishing work in Taiwan. The undisputed answer to that question is yes. *See* Gov't Cross Mot. (ECF No. 53) at 12 (citing Gov't 56.3 ¶¶ 15, 37-38); Pl.'s Resp. to Gov't 56.3 (ECF No. 59-3) (admitting Gov't 56.3 ¶¶ 15, 37-38). Irrespective of the finishing work and labor performed in Taiwan, the sinks retained the country of origin of China and are correctly considered to be "from China." There is therefore no legally justifiable reason to carve out that value of the finishing work and labor performed in Taiwan on the sinks from the total entered value of the merchandise—which, again, is the price RH Peterson actually paid for the sink kits—for purposes of assessing AD/CVD. RH Peterson cites no case law to the contrary.

Put another way, RH Peterson's suggestion that the Taiwan finishing work and labor are "beyond the express language" of the scope, Pl.'s Resp. at 3, is a textbook strawman: it creates a requirement—that the scope has to include language akin to "including finishing work and labor performed in a third country"—and then cries foul when the nonexistent requirement is not met. At the same time, RH Peterson fails to respond to the Government's straightforward argument that, for the finishing work and labor in Taiwan to change the country of origin of the sink kits, it would have to effect a "substantial transformation" such that the country of origin of the sink kits would have become Taiwan. *See* Gov't Cross Mot. at 12. The "substantial transformation" doctrine is critical here because it provides clear guidance to courts on how to handle work performed on subject merchandise in non-subject third countries: so long as there has been no substantial transformation, the country of origin remains that of the original subject country. *Id.* (citing, *e.g.*, *Bell Supply Co., LLC v. United States*, 888 F.3d 1222, 1228-29 (Fed. Cir. 2018)). RH Peterson does not contend that the Taiwanese processing changed the country of origin. Thus, CBP properly assessed AD/CVD on the value of the sink kits at the time they were shipped to the United States, which included the value of the Taiwan finishing work and labor.

RH Peterson's argument about both CBP's Cargo Systems Messaging Service (CSMS) message number 18-00379 and the internal Commerce portal message, Pl.'s Resp. at 5-7, is a rehash of the same misguided scope argument that RH Peterson makes throughout its briefing in this case.  With respect to the CSMS message, RH Peterson notes that the message "sets forth that the AD/CVD duties only apply to the in-scope components," Pl.'s Resp. at 5, and summarizes the portal message as indicating that "Commerce acknowledges that the language of the scope of the AD/CVD orders dictates and limits what is subject to the AD/CVD duties."  *Id.* at 7.  The Government does not disagree with either point.  Rather, as explained above, neither the CSMS message nor Commerce's message help RH Peterson's case because the finishing work and labor performed in Taiwan do not constitute "out-of-scope" components.

With no support in the language of the AD/CVD Orders or in the case law, RH Peterson makes much of the Government's USCIT Rule 30(b)(6) witness's testimony in this case.  Yet, RH Peterson fails to respond to the law cited in the Government's opening brief that "legal conclusions given during a 30(b)(6) deposition are generally not binding on the deponent entity." Gov't Cross Mot. a 14 (citing *Akpeneye v. United States*, 990 F.3d 1373, 1383 (Fed. Cir. 2021)). Instead, RH Peterson suggests, in essence, that because the Government designated the witness, its witness's legal conclusions are akin to judicial admissions.  Pl.'s Resp. at 4.  That is not the law, and the question of whether the value of the Taiwan finishing work and labor is properly included in the assessment of AD/CVD is one for the Court, and not a USCIT Rule 30(b)(6) deponent, to answer.

II.  <u>RH Peterson Received Its Requested Relief On Count I Of The Complaint For Entry No. D14-1430362-2 By Means Of A Reduction Of Its Outstanding AD/CVD Liability</u>

As explained in the Government's prior brief, RH Peterson fails to state a claim upon which relief can be granted as to Count I of the complaint with respect to Entry No. D14-14130362-2. *See* ECF No. 53 at 25-26. This is because CBP partially approved RH Peterson's Protest No. 2704-18-100444 with respect to this entry and subsequently reliquidated the entry, assessing AD/CVD on the entered value minus the value of the components subject to Count I of the Complaint. *Id.*

RH Peterson argues it has not received this relief, asking "Where's the check?" Pl.'s Resp. at 8, and implying that because RH Peterson never received a refund check from CBP that it did not receive any relief. As the Government previously explained to RH Peterson in response to RH Peterson's Requests for Admission: "[RH Peterson] did not receive a refund but [], following the Center's decision on Protest No. 2704-18-100444, [RH Peterson] received a reduction in its liability for AD/CVD in the reliquidation of Entry No. D4-1430362-2." In other words, the total value on which CBP assessed AD/CVD upon reliquidation, and the resulting bill CBP sent to RH Peterson, was reduced by the value of the Count I components. Accordingly, RH Peterson fails to state a claim for relief as to Count I of the Complaint for Entry No. D14-1430362-2.

III.  <u>RH Peterson's Reply To The Government's Response to RH Peterson's Rule 56.3 Statement of Undisputed Facts Is Improper</u>

Finally, RH Peterson improperly included a reply to the Government's responses to RH Peterson's Rule 56.3 statements of undisputed material facts. ECF No. 59-2. This type of reply is not permitted under the Rules of the Court and RH Peterson did not request leave of the Court prior to including these impermissible reply statements. RH Peterson cites to USCIT Rule 56 for

5

its filing; however, no part of Rule 56.3 allows for a separate reply to an opponent's Rule 56.3 response to the movant's Rule 56.3(a) statement of facts. Therefore, the Court should disregard RH Peterson's improper reply. *See Ford Motor Co. v. United States*, 254 F. Supp. 3d 1297, 1304 n.11 (Ct. Int'l Trade 2017) ("Because replies to responses to facts are not contemplated in USCIT Rule 56.3, the court disregards 16 paragraphs of Plaintiff's purported replies to Defendant's responses to Plaintiff's facts in its supplemental fact submission.").

## CONCLUSION

Accordingly, for the reasons stated in our moving papers and above, the Government respectfully requests the Court grant its cross-motion for summary judgment.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

By:   JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
Assistant Director

/s/ Nico Gurian
NICO GURIAN
GUY EDDON
Trial Attorneys
Civil Division, Dept. of Justice
Commercial Litigation Branch
International Trade Field Office
26 Federal Plaza, Room 346

| | |
|---|---|
| Of counsel: | New York, New York 10278 |
| Valerie Sorensen-Clark, Esq. | *Attorneys for Defendant* |
| Office of Assistant Chief Counsel | Tel. No. 212-264-9240 or 9230 |
| International Trade Litigation | |
| U.S. Customs and Border Protection | November 26, 2024 |